AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| CORNELL JEROME RACOMA | ) | Case No. 4:20-mj-70891-MAG |
| | ) | |
| *Defendant(s)* | ) | |

FILED
Jul 02 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  May 18, 2020  in the county of  Alameda  in the Northern  District of  California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with intent to distribute methamphetamine. |

Penalties: Maximum term of imprisonment: 20 years
Maximum fine: $1,000,000
Maximum term of supervised release: Lifetime
Minimum term of supervised release: 3 years
Forfeiture; $100 special assessment; denial of federal benefits

This criminal complaint is based on these facts:

Please see attached affidavit of Bureau of Alcohol, Tobacco, Firearms and Explosives, Task Force Officer Zachary Trzesniewski in support of Criminal Complaint.

☒ Continued on the attached sheet.

Approved As To Form:
*Samantha Schott Bennett*
AUSA Samantha Schott Bennett

/s/ Zachary Trzesniewski
*Complainant's signature*

Zachary Trzesniewski, Task Force Officer, ATF
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d).

Date: 07/01/2020

*Judge's signature*

City and state:  Oakland, California

Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Zachary Trzesniewski, a Task Force Officer with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state:

**I. INTRODUCTION**

1. I am a Task Force Officer ("TFO") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have so been sworn since March 2016. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I was trained as a police officer at the California Highway Patrol (CHP) Academy in Sacramento, California, and I am currently employed by the CHP.

2. As an ATF TFO, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have interviewed numerous members and former members of gangs, as well as conferred with other law enforcement officers about: the slang, codes, symbols, graffiti, and dress of gang members; gang members' use of telephones, e-mail, and other methods of communication to conduct their criminal activities; gang members' use of false and fictitious identities to thwart law enforcement investigation of their activities.

3. I respectfully submit this Affidavit in support of a Criminal Complaint charging Cornell Jerome RACOMA ("RACOMA") with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

4. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant of RACOMA, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about May 18, 2020, in the Northern District of California, RACOMA possessed methamphetamine with the intent to distribute it to others, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

5. Where statements made by other individuals are referenced in this Affidavit, such statements are described in sum and substance and in relevant parts only. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part only.

## II. FACTS ESTABLISHING PROBABLE CAUSE

6. I have reviewed RACOMA's criminal history and observed that on or about October 1, 2014, RACOMA was convicted of Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code § 11378.

7. I have reviewed Berkeley Police Department (BPD) reports and reviewed body camera footage relating to the arrest of RACOMA on or about May 18, 2020. On that date, shortly after 1:00 p.m., a witness ("Reporting Party," or "RP") called BPD and reported that a man had threatened him with a gun. The RP stated in substance that the man who threatened him was wearing a black, gray, and green hoodie, blue jeans, and one sock, and was sitting in front of a tent at the corner of Blake Street and Shattuck Avenue in Berkeley, California.

8. BPD officers responded to the corner of the intersection and observed a man later identified as Cornell Jerome RACOMA, wearing a black, gray, and green hoodie, blue jeans, with only one shoe on, sitting on a chair outside of a tent. RACOMA was detained, at which time Sergeant Kacalek checked RACOMA for weapons and placed his belongings, which had been in his pockets, on the ground. The RP confirmed that RACOMA was the man who had threatened the RP with a gun.

9. While speaking with RACOMA about what happened, RACOMA admitted that he was on parole. A records check confirmed that RACOMA was on parole for a 2017 conviction for Assault with a Deadly Weapon and subject to search.

10.     Sergeant Kacalek read RACOMA his *Miranda* rights and RACOMA agreed to speak. Sergeant Kacalek asked RACOMA if he had a gun on him, and after initial denials, RACOMA admitted that he had a gun in a black bag inside of his tent. Sergeant Kacalek then recovered a black Glock 9mm pistol, loaded with 14 rounds of Tulammo ammunition, from a black bag inside of RACOMA's tent. RACOMA was arrested in relation to the incident.

11.     Officer Michalczyk searched RACOMA's belongings, which had been removed from RACOMA's pockets but were placed next to him. Inside a small Advil container, Officer Michalczyk recovered 14 bindles of a crystal rock-like substance, which weighed approximately 4.39 grams. The bindles tested presumptive positive for the presence of methamphetamine.



12. During a search of RACOMA's tent, Officer Radley recovered an additional Ziploc bag and three bindles containing a crystal-like substance which tested presumptive positive for the presence of methamphetamine and weighed approximately 3.32 grams in total. Officer Radley also recovered one bindle that tested presumptive positive for the presence of heroin.

13. Based on my training and experience, and the quantity and packaging of the methamphetamine, I believe that RACOMA possessed the methamphetamine with the intent to distribute it to others.

14. Based on my training and experience, I know that methamphetamine is a Schedule II controlled substance.

### III. CONCLUSION

15. Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that on or about May 18, 2020, in the Northern District of California, Cornell Jerome RACOMA knowingly possessed a controlled substance, namely methamphetamine, with the intent to distribute it to others, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Accordingly, based upon the foregoing, I respectfully request that the Court sign the requested criminal complaint and issue the requested arrest warrant.

16. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

/s/ Zachary Trzesniewski

Zachary Trzesniewski
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this 1st day of July, 2020.

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

4